IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE EDWARD JARRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:16-CV-188-MHT |
| | ) |
| DONALD VALENZA, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by George Edward Jarrell ("Jarrell"), a pre-trial detainee incarcerated in the Houston County Jail on various criminal charges. In the instant complaint, Jarrell challenges the constitutionality of medical treatment provided to him during his confinement in the Houston County Jail since September of 2014 for injuries suffered at the time of his arrest. Jarrell names Donald Valenza, the Sheriff of Houston County, Alabama, Jason Smoke, a Certified Physician's Assistant, and the Houston County Jail as defendants in this cause of action.

Upon review of the complaint, the court concludes that the claims presented by Jarrell against the Houston County Jail are subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] The court granted Jarrell leave to proceed *in forma pauperis* in this case. *Order of April 6, 2016 - Doc. No. 5*. Despite Jarrell's payment of an initial partial filing fee, this court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint presents a claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  DISMISSAL OF DEFENDANT

In order to allege a viable § 1983 claim, a plaintiff must name as a defendant an entity that is subject to suit.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is "determined by the law of the state in which the district court is held." *Id*.  Both federal and state law are well settled that a county sheriff's department is not a legal entity subject to suit or liability.  *Id*.; *White v. Birchfield*, 582 So.2d 1085, 1087 (Ala. 1991) (county sheriff's department "is not a legal entity subject to suit.  Therefore, a cause of action may not be maintained against [an Alabama] County Sheriff's Department."); *King v. Colbert County*, 620 So.2d 623, 626 (Ala. 1993) (Since a county sheriff's department "is not a legal entity . . ., one cannot maintain an action against it.")  Moreover, the Alabama Supreme Court has made it equally clear that other "departments and subordinate entities of municipalities, counties and towns" such as police departments and task forces "lack[] the capacity to sue or be sued . . ." *Ex parte Dixon*, 55 So.3d 1171, 1172 n.1 (Ala. 2010).  It therefore follows that a building or structure utilized by the county is not a legal entity subject to suit.

In light of the foregoing, it is clear that the Houston County Jail is not a legal entity subject to suit and is therefore due to be dismissed as a defendant in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Houston County Jail be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The Houston County Jail be dismissed as a defendant in this cause of action.

3.  This case, with respect to the plaintiff's claims against defendants Valenza and Smoke regarding a lack of adequate medical treatment, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before June 21, 2016 the parties may file objections to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 7th day of June, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE